UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CR-60240-ROSENBERG/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH R. PITTER, JR.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

This cause comes before the undersigned United States Magistrate Judge on order of reference from the Honorable Robin L. Rosenberg, Judge of District Court. DE 10. The Court held an in-person hearing on February 16, 2023, to permit Defendant Kenneth R. Pitter, Jr. to change his plea. Assistant United States Attorney Lindsey Lazopoulos Friedman appeared on behalf of the Government. Attorneys William Tunkey and Joseph Nascimento appeared on behalf of Defendant, who was also present.

The Court held an additional hearing on February 22, 2023, to ensure that all of the requirements for a valid plea under Federal Rule of Criminal Procedure 11(b)(1) had been satisfied. Assistant United States Attorney Lindsey Lazopoulos Friedman, Attorneys William Tunkey and Joseph Nascimento, and Defendant appeared at this hearing by Zoom videoconference. Defendant acknowledged that he had signed a waiver of his physical presence for the hearing after discussing the waiver with his counsel. DE 17. Defense counsel and the Assistant United States Attorney also consented to the hearing proceeding by Zoom.

1. During the February 16 hearing, the Court advised that it was conducting the hearing at the request of Defendant, his counsel, and the Assistant United States Attorney. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead. Defendant, his counsel, and the Assistant United States Attorney all consented to have the undersigned conduct the hearing to change Defendant's plea.

2. The Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. The parties have entered into a written Plea Agreement. DE 15. The Court reviewed the Plea Agreement on the record. Defendant acknowledged signing the Plea Agreement after reading and discussing each paragraph with his counsel. Defendant further acknowledged that he fully understands the Plea Agreement and that it encompasses the entirety of his agreement with the Government.

4. The Court reviewed with Defendant the statutory maximum penalties applicable to the crime to which he is pleading guilty. Defendant acknowledged that he understands the penalties that apply in this case. The Court also advised Defendant of the possibility of his removal from the United States after sentencing, as an additional consequence of his guilty plea, if he is not a United States citizen.

5. The Plea Agreement contains an agreement by the Government to recommend a two-level reduction under the United States Sentencing Guidelines for Defendant's acceptance of

responsibility and, if appropriate, to move for an additional one-level reduction for Defendant's assistance to authorities in the investigation or prosecution of his misconduct. The Plea Agreement also contains joint recommendations as to findings for the purpose of calculating a guideline range. Defendant acknowledged that he discussed the Sentencing Guidelines and how they may apply to his case with his counsel. Defendant further acknowledged that the District Judge will consider the guideline range for the purpose of sentencing but is not required to sentence Defendant within the guideline range or to accept the parties' recommendations as to his sentence. Defendant understands that he cannot withdraw his guilty plea if the District Judge does not accept the parties' recommendations as to his sentence or if his sentence is higher than he is expecting.

6. The Plea Agreement contains an appeal waiver in which Defendant waives the right to appeal the sentence imposed in this case except under the limited circumstances outlined in the Plea Agreement. The Court explained the appeal waiver to Defendant. Defendant acknowledged that he discussed the appeal waiver with his counsel and understands it. The Court finds that Defendant's appeal waiver is knowing, voluntary, and fully informed.

7. The parties submitted a written Factual Proffer. DE 14. The Assistant United States Attorney summarized the Factual Proffer for the record. Defendant acknowledged signing the Factual Proffer after reading and discussing each paragraph with his counsel. Defendant admitted that the facts stated in the Factual Proffer are true and correct and that the Government could prove them at a trial. The Court finds that the Factual Proffer sufficiently sets forth each of the essential elements of the crime to which Defendant is pleading guilty.

8. The Court advised Defendant of his right to maintain his not guilty plea and of his trial rights. Defendant acknowledged that he is giving up those trial rights by pleading guilty.

9. Defendant acknowledged that he is satisfied with the advice and representation he has received from his counsel.

10. Defendant then pled guilty to Count 1 of the Information, which charges him with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343, 1347, and 1349.

11. Based on the foregoing and the plea colloquy, the Court finds that Defendant entered his plea of guilty to Count 1 of the Information freely, knowingly, and voluntarily. The Court finds that Defendant was alert, intelligent, and fully competent to enter the plea.

12. The United States Probation Office will conduct a presentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's plea of guilty to Count 1 of the Information, adjudicate Defendant guilty of the crime to which he pled guilty, and conduct a sentencing hearing for final disposition of this case.

The parties have fourteen days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 22nd day of February, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE